923 F.2d 848
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroyal R. DARBY, Petitioner-Appellant,
v.
STATE OF SOUTH CAROLINA, Parker Evatt, Commissioner, Bill
Wallace, Warden, Respondents-Appellees.
 No. 90-7099.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1990.
Decided Jan. 17, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-89-1508-3-16B)
 Leroyal R. Darby, appellant pro se.
 Frank Louis Valenta, Jr., Assistant Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 DISMISSED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leroyal Darby seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. This case was referred to the magistrate judge for a report and recommendation. After the initial report was issued the matter was remanded for further consideration by the magistrate judge in light of material filed by the petitioner which had not been timely received in the district court. The magistrate judge subsequently issued a second report recommending that habeas relief be denied on the merits. Darby filed timely objections to the report. After de novo review, the district court adopted the report and denied habeas relief. Darby noticed a timely appeal. We deny a certificate of probable cause and dismiss the appeal, though on reasoning different from that used by the district court.
 
 
 2
 Under Stone v. Powell, 428 U.S. 465 (1976), where a state has "provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494 (footnotes omitted). In Doleman v. Muncy, 579 F.2d 1258 (4th Cir.1978), this Court held that district courts faced with habeas petitions raising fourth amendment claims were first to determine whether the petitioner was afforded an opportunity to present his fourth amendment claims under the then existing state practice. Id. at 1265. Once the court has concluded that the petitioner was afforded such an opportunity the court "need not inquire further into the merits of petitioner's case ... unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." Id. at 1265. See Grimsley v. Dodson, 696 F.2d 303, 305 (4th Cir.1982), cert. denied, 462 U.S. 1134 (1983).
 
 
 3
 Upon review of the entire record we conclude that Darby received an unimpaired, full, and fair opportunity to litigate his fourth amendment claims in state court. He was represented by counsel who brought a motion to suppress in the trial court, and who argued error in the denial of that motion before the state supreme court. See Doleman, 579 F.2d at 1265. Since dismissal under Stone was appropriate the district court need not have addressed the merits, and we express no opinion as to the district court's conclusions on the merits.
 
 
 4
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.